FILED
2026 Sep-10 PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

**GUADALUPE SERGIO ANTONIO CANSECO,**
Petitioner,

**v.**

**JONATHON HORTON,** *et al.*,
Respondents.

**Case No. 1:26-cv-1544-CLM-HNJ**

**MEMORANDUM OPINION**

Petitioner Guadalupe Sergio Antonio Canseco seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). For the reasons stated within, the court **GRANTS IN PART** Antonio Canseco's petition and **DISMISSES** Respondents Jonathon Horton, Markwayne Mullin, and Todd Blanche. On or before **September 18, 2026**, Respondents Daniel Finn, Jr. and Brian Acuna must either (a) bring Antonio Canseco before an immigration judge for an individualized bond hearing, or (b) release Antonio Canseco from custody.

**BACKGROUND**

Antonio Canseco is a twenty-five-year-old native and citizen of Mexico. (Doc. 1, ¶ 27). He entered the United States in either 2007 or 2017, is married to a U.S. citizen, and has U.S. citizen child. (*Id.*, ¶¶ 27–28, 34, 59). On August 29, 2026, Antonio Canseco was detained while at his home in Albertville, Alabama, and his family was told that he was being picked up on a warrant. (*Id.*, ¶ 29). Around two hours later, Homeland Security officers transported Antonio Canseco to the Etowah County Detention Center in Gadsden, Alabama. (*See id.*).

Two days later, Antonio Canseco filed this habeas petition raising four claims. Count 1 asserts that Antonio Canseco's detention without a bond hearing violates the Immigration Nationality Act, 8 U.S.C. §§ 1225(b) and 1226(a). (*Id.*, ¶¶ 31–41). Count 2 alleges that Antonio Canseco's detention

violates his rights under the Substantive Due Process Clause. (*Id.*, ¶¶ 42–47). Count 3 contends that Antonio Canseco's detention without an individualized bond hearing violates his rights under the Procedural Due Process Clause. (*Id.*, ¶¶ 48–54). Finally, Count 4 asserts that Antonio Canseco is entitled to habeas relief because he is a *Maldonado Bautista* class member. (*Id.*, ¶¶ 55–60). After Antonio Canseco filed his habeas petition, he was transferred to Adams County Correctional Center in Natchez, Mississippi. (Doc. 7-2).

## JURISDICTION

At the time Antonio Canseco filed his habeas petition, he was being detained at the Etowah County Detention Center, which is within this judicial district. Thus, this court has jurisdiction over Antonio Canseco's petition even though Antonio Canseco has since been moved to Adams County Correctional Center in Mississippi. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004), *discussing Ex parte Endo*, 323 U.S. 283, 304–05 (1944). But because Antonio Canseco is no longer housed at the Etowah County Detention Center, Jonathon Horton, the Etowah County warden, is no longer the proper respondent. Nor are Markwayne Mullin, the Secretary of Homeland Security, or Todd Blanche, the Attorney General, proper respondents because they are "remote supervisory officials" and not Antonio Canseco's "immediate custodian." *See id.* at 435–36. The court will thus **DISMISS** Horton, Mullin, and Blanche as respondents.

The court, however, finds that Daniel Finn, Jr., the New Orleans Field Office's Acting Supervisory Detention and Deportation Officer for ICE ERO, and Brian Acuna, the Acting Director of ICE's New Orleans Field Office, are proper respondents. The New Orleans Field Office directly oversees Adams County Correctional Center's use as an ICE detention facility, so Finn and Acuna are appropriate respondents who the court can order to produce Antonio Canseco.

## DISCUSSION

Turning to the merits of Antonio Canseco's petition, Finn and Acuna concede that under current Eleventh Circuit precedent, Antonio Canseco is entitled to relief on his Count 1 claim that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b) and 1226(a). (Doc. 7, pp.

3–5). As Finn and Acuna note, the Eleventh Circuit recently held in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026), that § 1225's mandatory detention rules apply "to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." So "§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior, whether he is being removed on grounds of deportability or inadmissibility." *Id.* at 1280.

The court agrees with the parties that under binding Eleventh Circuit precedent Antonio Canseco's detention is governed by 8 U.S.C. § 1226. Because Antonio Canseco is detained under § 1226(a), he may seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("[A]liens detained under § 1226(a) receive bond hearings at the outset of detention."). Thus, under Count 1 of Antonio Canseco's petition, the court will **GRANT** Antonio Canseco's request for a bond hearing. But the court **DENIES** Antonio Canseco's request that the court order his immediate release due to this statutory violation. Section 1226(a) provides discretion as to whether an alien may be detained or released on bond. *See* 8 U.S.C. § 1226(a)(1) and (2) (The Government "may continue to detain the arrested alien" or "may release the alien" on bond.). So that Antonio Canseco's detention falls under § 1226(a) does not entitle him to immediate release. *See E.A.L.A v. Powell*, 2026 WL 1494518, at *2 (N.D. Ala. May 28, 2026).

The court will **REFER** to the magistrate judge for further consideration the merits of Counts 2–4 of Antonio Canseco's petition.

## CONCLUSION

For these reasons, the court **GRANTS IN PART** Antonio Canseco's petition (doc. 1) and **DISMISSES** Respondents Jonathon Horton, Markwayne Mullin, and Todd Blanche.

Having considered the parties' arguments and other grants of similar petitions for writs of habeas corpus filed within this district, the court finds it appropriate to order the following relief:

1. The court **ORDERS** Finn and Acuna to either (a) bring Antonio Canseco before an immigration judge for a bond hearing on or before **September 18, 2026**, or (b) release Antonio Canseco from custody.

2. If a bond hearing is conducted, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Antonio Canseco and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

3. Antonio Canseco's counsel must receive at least 48 hours' notice of the hearing but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

4. If either (a) Antonio Canseco is not given a bond hearing on or before September 18, 2026, or (b) an immigration judge denies bond for reasons that conflict with current Eleventh Circuit precedent (*i.e.*, *Hernandez Alvarez*), then this court **ORDERS** that Finn and Acuna release Antonio Canseco with reasonable conditions of supervision.

5. The court previously ordered Respondents to produce "all information Respondents have on the circumstances surrounding Antonio Canseco's detention and denial of an individualized bond hearing." (Doc. 4, p. 1). In response, Respondents have produced Antonio Canseco's notice to appear. (Doc. 7-1). The court **ORDERS** Antonio Canseco to inform the court on or before **September 14, 2026**, whether the production of the notice to appear satisfies Antonio Canseco's request that Respondents produce the records bearing upon his detention. If Antonio Canseco seeks more documents before his bond hearing, he must (a) explain what those documents are, and (b) cite the statutes or cases that he says entitles him to those documents.

The court **DIRECTS** Finn and Acuna to file a notice on or before **September 23, 2026**, reporting on the results of the individualized bond hearing or telling the court that Antonio Canseco has been released from custody.

The court will enter a separate order that carries out this ruling.

**DONE** and **ORDERED** on September 10, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE